IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                      No. 24-CR-309-DHU

CISCO PINTO,

        Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND TIME TO FILE PRETRIAL MOTIONS

    Defendant Cisco Pinto, by and through his counsel of record, Assistant Federal Public Defender Hadley Brown, moves this Court to continue the jury trial currently scheduled on February 3, 2025, and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of his Motion, Mr. Pinto states:

    1.    On March 18, 2024, Mr. Pinto pled not guilty to a two-count Indictment. Mr. Pinto is currently out of custody on conditions of release. According to conditions of release, he resides at La Pasada Halfway House.

    2.    This case is currently set for trial on a trailing docket trial that begins on February 3, 2025.

    3.    Mr. Pinto and the Defense Team will not be prepared for trial in February 2025. Mr. Pinto therefore requests a continuance to continue work on several vital tasks. Mr. Pinto requests ninety (90) days from the current setting to continue investigating the allegations in the Indictment (ECF No. 17), to ensure he

1

has all discovery from the government, to consider his options regarding plea agreement or trial, and to prepare for trial. Ninety days is the estimated minimum amount of time needed to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.

4. The parties are also working to address outstanding discovery questions, including a technical issue with a portion of a video recording of a forensic interview of a minor witness in this case. Defense counsel expects to receive additional discovery in the coming days. It is imperative to Mr. Pinto's defense to obtain and review any additional discovery. This could affect investigation and any potential pretrial motions.

5. The discovery that has been disclosed includes hundreds of pages and hours of videos from officer lapel videos and forensic interviews. Defense counsel and Mr. Pinto have reviewed the discovery, but defense counsel must spend more time reviewing Jane Doe's statements and meeting with Mr. Pinto to discuss the discovery and potential defenses in more detail. This step is especially important in this case because there are multiple recorded statements from Jane Doe as well as representations of statements made by Jane Doe to other witnesses. Jane Doe's statements are of utmost importance in this case, and multiple reviews of her statements are required. Defense counsel still needs to discuss, in more detail, the content of Jane Doe's allegations with Mr. Pinto.

6. The defense team is still engaged in investigation in this case. That investigation often requires travel to Dulce, New Mexico which is almost a three-hour

drive from the Federal Public Defender's office in Albuquerque. That travel time means the investigation process is more time consuming. Defense counsel continues to advise Mr. Pinto as that investigation is ongoing, but before defense counsel can adequately advise Mr. Pinto about his legal options, counsel must conduct a thorough and complete investigation into each of the counts charged. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

7. Moreover, this case includes scientific evidence which defense counsel continues to investigate. Should the case proceed to trial, defense counsel would need to retain expert witnesses for potential trial testimony.

8. Defense counsel and Mr. Pinto also require the additional 90 days to determine whether to file pretrial motions and to prepare those motions. Without the requested continuance, defense counsel cannot adequately advise Mr. Pinto on pretrial motions, a task that requires a thorough review of all discovery and relevant caselaw and a thorough defense investigation.

9. Mr. Pinto also requires more time to discuss with his counsel a plea offer extended by the United States. Plea negotiations as well as counseling Mr. Pinto as to the plea offer are especially challenging in this case because the possible penalties are so severe, and Mr. Pinto has practically no experience in the criminal legal system. Moreover, he has never spent any meaningful length of time in custody prior to this case. Of course, defense counsel must conduct a thorough discovery and caselaw review and complete the defense investigation before effectively advising Mr.

Pinto on any potential negotiated resolution in this case. *Missouri v. Frye*, 566 U.S. 133, 145, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012)("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

10.    Again, if the parties cannot reach a negotiated resolution, defense counsel requires additional time to prepare for trial. Mr. Pinto's right to the effective assistance of counsel includes adequate time to prepare for trial and effectively complete a defense investigation. Without this time to prepare, Mr. Pinto will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).  Additionally, Defense Counsel will require additional time to select expert witnesses and allow them time to prepare for trial.

11.     Mr. Pinto therefore respectfully requests a continuance of ninety (90) days to continue investigating the case, considering his legal options, and preparing for trial. Mr. Pinto cannot be and will not be ready for trial in advance of ninety (90) days from the current setting. Counsel believes that length of time to be the minimum needed to conduct a full and fair investigation, to ensure there is no outstanding discovery and to review the forthcoming discovery, to engage in any plea negotiations with the United States, to file any pretrial motions, to hire any necessary experts, and to ensure Mr. Pinto receives effective assistance of counsel and is afforded due process.

12.     Mr. Pinto believes that a continuance of ninety (90) days from the current trial setting is the minimum length of time necessary to complete the following tasks:

      a) To allow defense counsel and Mr. Pinto sufficient time to obtain outstanding discovery and to digest and discuss all discovery in the case.

      b) To allow defense counsel to conduct a reasonable and thorough investigation as to each of the two counts that Mr. Pinto faces.

      c) To allow defense counsel to determine whether to file pretrial motions.

      d) To allow time for defense counsel to adequately counsel Mr. Pinto as to his options regarding plea or trial.

      e) To allow sufficient time for preparation for trial should the case not resolve with a negotiated resolution.

13. The continuance will not prejudice Mr. Pinto as it will allow counsel an opportunity to prepare an effective defense, and to attempt to negotiate a favorable plea bargain.

14. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing defense counsel to complete a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions.

15. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18

U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F. App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

14. This Motion is not predicated upon the congestion of the Court's docket.

15. Counsel for the United States, Assistant United States Attorney Meg Tomlinson, does not oppose this continuance.

**WHEREFORE**, Mr. Pinto respectfully requests that this Court continue the jury trial and motions deadline for ninety (90) days as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
hadley_brown@fd.org

*Electronically filed December 13, 2024*

/s/ *Hadley Brown*
HADLEY BROWN, AFPD
Attorney for Defendant