IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.        No. 24-CR-309-DHU

CISCO PINTO,

    Defendant.

### DEFENDANT'S MOTION TO CONTINUE TRIAL AND EXTEND RELATED DEADLINES

Defendant Cisco Pinto, by and through his counsel of record, Assistant Federal Public Defender Hadley Brown, moves this Court to continue the jury trial currently scheduled on May 5, 2025, and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of his Motion, Mr. Pinto states:

1. On March 18, 2024, Mr. Pinto pled not guilty to a two-count Indictment. Mr. Pinto is currently out of custody on conditions of release. According to conditions of release, he resides at La Pasada Halfway House.

2. This case is currently set for trial on a trailing docket that begins on May 5, 2025.

3. Mr. Pinto and the defense team will not be prepared for trial in May 2025. Mr. Pinto therefore requests a continuance to continue work on several vital tasks. Mr. Pinto requests ninety (90) days from the current setting to continue investigating the allegations in the Indictment (ECF No. 17) and to prepare for trial.

1

Ninety days is the estimated minimum amount of time needed to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.

4. Mr. Pinto is in the process of consulting with potential expert witnesses who he may call to testify on his behalf at trial. However, he will not be in a position to disclose expert witnesses for trial by the current expert disclosure deadline. Nor will those potential witnesses be able to testify at trial in May 2025. Mr. Pinto requires more time for his potential expert witnesses to complete their own investigations of the evidence before he can disclose them and fully utilize them in preparation of his trial defense.

5. On March 28, 2025, one week before the filing of this motion, the government disclosed additional discovery which included scientific evidence related to the DNA results reported by the FBI Laboratory. It also disclosed the Curriculum Vitae of a forensic scientist who it appears the government may seek to call as an expert in relation to trace hairs said to have been found on some of the items collected by police during the investigation in this case. Until March 28, 2025, Defense counsel had no notice the government would seek to present expert testimony in relation to the trace hairs evidence. Mr. Pinto requires additional time to investigate this physical evidence and potentially hire his own scientific expert to help him address it.

6. Defense Counsel also identified a need for additional discovery that is crucial for a full understanding of the DNA results reported by the FBI Laboratory.

On the date of this filing, Defense Counsel requested production of that additional discovery from the government. The requested continuance will allow time for the disclosure and examination of that scientific evidence which is crucial for Mr. Pinto's ability to present a defense.

7. Preparation for trial in this case will also require additional factual investigation. Some of that investigation will require travel to Dulce, New Mexico, the location of the alleged incident and a nearly three-hour drive from Albuquerque. Mr. Pinto requires the continuance so that his defense team can make multiple additional trips to Dulce to complete the fact investigation.

8. Defense counsel and Mr. Pinto also require the requested continuance to prepare pretrial motions. At a minimum, Mr. Pinto anticipates filing motions challenging the government's scientific evidence.

9. Defense counsel simply requires additional time to prepare for trial. Mr. Pinto's right to the effective assistance of counsel includes adequate time to prepare for trial and effectively complete a defense investigation. Without this time to prepare, Mr. Pinto will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of

3

assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

10. Mr. Pinto therefore respectfully requests a continuance of ninety (90) days to continue investigating the case and preparing for trial as well as to allow time for potential expert witnesses to finish reviewing the evidence, consult with the defense team and prepare for trial. Mr. Pinto cannot be and will not be ready for trial in advance of ninety (90) days from the current setting. Counsel believes that length of time to be the minimum needed to conduct a full and fair investigation, to collect the outstanding scientific evidence, to file pretrial motions, to continue to work with experts and potentially disclose expert witnesses, and to ensure Mr. Pinto receives effective assistance of counsel and is afforded due process.

11. The continuance will not prejudice Mr. Pinto as it will allow counsel an opportunity to prepare an effective defense with the full assistance of potential experts and possible additional evidence. Given what is at stake for Mr. Pinto, there is a high likelihood of prejudice to him should the Court decide not to grant his motion to continue.

12. The government does not oppose the request for a 90-day continuance. The government would oppose a longer continuance. The government would like a firm trial setting near the end of the 90-day continuance - near the beginning of August. Defense Counsel is not opposed to scheduling a firm trial date but would not be available in August. One of Mr. Pinto's attorneys, Noah Gelb, currently expects to

be in a murder trial on another case in August. That case will have a definite trial setting within the next two weeks. Therefore, Mr. Pinto requests a trial sometime in the months following August 2025. Moreover, defense counsel is not yet able to schedule a firm trial date. Defense counsel requests that the court allow some time before determining a firm trial date so that defense counsel can determine on what dates defense experts will be available to testify. Additionally, defense counsel anticipates that time will be required to litigate and resolve pretrial motions and motions *in limine* ahead of trial and asks the court to consider that when the time comes to schedule a firm trial date.

13. Lastly, the parties have engaged in lengthy plea negotiations. The case is now scheduled for a *Lafler/Frye* hearing on April 17, 2025. However, the parties are still in the process of discussing whether a potential resolution may still be reached without a trial. This requested continuance would support those continued discussions.

14. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible

or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing defense counsel to adequately investigate the case and potentially acquire additional discovery through that investigation, properly consult with experts, and prepare and file any necessary pretrial motions.

15.     Additionally, a continuance may provide the parties time to discuss a possible negotiated resolution, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F. App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

16.     This Motion is not predicated upon the congestion of the Court's docket.

**WHEREFORE**, Mr. Pinto respectfully requests that this Court continue the jury trial and associated deadlines for ninety (90) days as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
hadley_brown@fd.org

***Electronically filed April 4, 2025***

<u>/s/ *Hadley Brown*</u>
HADLEY BROWN, AFPD
Attorney for Defendant